UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANGELA WALTERS,

            Plaintiff,                      Case No. 13-cv-13282

v                                                    Honorable Thomas L. Ludington

MERCY HOSPITAL GRAYLING, et al.,

            Defendants.
_____/

**ORDER DENYING DEFENDANT UNITED STATES'
MOTION TO DISMISS THE COMPLAINT**

On June 19, 2013, Plaintiff Angela Walters filed a medical malpractice action in state court against her doctors and their employers. Plaintiff alleged that her doctors had (1) negligently diagnosed her, (2) prescribed an improper course of treatment, and (3) negligently performed a vaginal hysterectomy, anterior colporrhaphy, and suburethral sling placement.

Although not identified as a defendant, the United States filed a notice of removal pursuant to 42 U.S.C. § 233 and 28 U.S.C. § 2679(d). The United States removed the case because Defendants Jeffrey D. Strickler and Dana R. Brackins were "deemed" employees of the United States and thus eligible for coverage under the Federal Tort Claims Act. 28 U.S.C. § 1346(b). The parties subsequently substituted the United States in place of four of the defendants.

Defendant United States then filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), contending that this Court lacks subject matter jurisdiction. Defendant's motion to dismiss for lack of subject matter jurisdiction is denied because Plaintiff has exhausted her administrative remedies as required by the FTCA.

**I**

On January 27, 2010, Plaintiff consulted Dr. Carl F. Schubert because she was suffering from severe pain on her left side, menses with heavy clots, and severe menstrual pain. Dr. Schubert diagnosed Plaintiff with uterus leiomyoma, uterine prolapse, dyspareunia, metrorrhagia, dysmenorrhea, LGSIL, cystocele, and stress incontinence. Compl. ¶ 19. Dr. Schubert suggested that a vaginal hysterectomy, anterior colporrhaphy, and suburethral sling placement would be appropriate; after consulting with Plaintiff, Dr. Schultz performed these procedures at Grayling Mercy Hospital on April 13, 2010. After the surgery, Plaintiff suffered from problems of urinary retention, bladder spasms, and painful urination.

On January 14, 2011, Plaintiff consulted Dr. Jeffrey D. Strickler at MidMichigan Ugent Care. Plaintiff complained of strong-smelling urine, painful urination, and kidney pain on her right side. After the initial visit with Dr. Strickler, Plaintiff returned to MidMichigan Urgent Care three more times between April and July 2011.

In June 2012, Plaintiff visited urologist Keith Miyamoto because she "had constant pain in her urethra" and that it felt "like there is glass in" her "urethra all the time." Dr. Miyamoto discovered that two sutures were looped into Plaintiff's bladder with bladder stones; however, Dr. Miyamoto was unable to remove these sutures. Compl. ¶ 46, 49. Plaintiff claims that these sutures, which are still embedded in her bladder, increase her risk for pain and future bladder stones. Compl. ¶ 50.

**II**

Plaintiff initially filed a claim with the Department of Health and Human Services on March 29, 2013. The claim asserted that she suffered "injury arising out of sutures improperly

left in the bladder after a partial hysterectomy/bladder sling surgery and failure to diagnose the foreign sutures." Def.'s Mot. to Dismiss, Ex. A.

Approximately two months later on June 19, she filed suit in Crawford County Circuit Court alleging negligence claims under state law. The suit alleged medical negligence claims against: Jeffrey D. Strickler, M.D.; Dana R. Brackins, PA-C; MidMichigan Urgent Care, MidMichigan Health Services, Mercy Hospital Grayling, Mercy Professional Services, Mercy Physician Network, MidMichigan Health Network, and Carl F. Schubert, M.D.

While Plaintiff's case was pending in state court, HHS denied her administrative claim on July 1, 2013. The denial stated that if she was dissatisfied with denial of her claims, she could file suit in federal district court within six months after the denial notification was mailed. Mot. to Dismiss the Compl., Ex. B, ECF No. 3.

At the end of July, the United States filed a notice of removal pursuant to 42 U.S.C. § 233 and 28 U.S.C. § 2679(d).  The United States removed the case because Defendants Jeffrey D. Strickler and Dana R. Brackins were "deemed" employees of the United States Public Health Service and were therefore eligible for coverage under the FTCA. 28 U.S.C. § 1346(b). Because the United States is the only proper defendant in an FTCA action, 28 U.S.C. § 2679(a), the Court accepted the parties' stipulation substituting the United States as a defendant in place of Defendants MidMichigan Urgent Care, MidMichigan Health Services, Jeffrey D. Strickler, and Dana R. Brackins on August 8, 2013.

In summary, the current status of the parties and claims is as follows:

- Plaintiff is asserting an FTCA against the United States, who is challenging the Court's subject matter jurisdiction to hear that claim.

- Plaintiff is also asserting state-law medical malpractice claims against Mercy Hospital Grayling, Mercy Professional Services, Mercy Physician Network, MidMichigan Physician's Group, MidMichigan Health Network, L.C. and Carl F. Schubert. The Court

may, in its discretion, exercise supplemental jurisdiction over these claims if the Court has subject matter jurisdiction over the FTCA claim.

### III

Rule 12(b)(1) permits a defendant to file a motion to dismiss a complaint for lack of subject matter jurisdiction before filing an answer. "Where subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990) (citation omitted).

The FTCA provides a limited waiver of sovereign immunity for plaintiffs seeking to pursue tort claims against the United States. *See Smith v. United States*, 507 U.S. 197, 203 (1993) (quoting *United States v. Kubrick*, 444 U.S. 11, 117–18 (1979)). But to benefit from the waiver, prospective plaintiffs must strictly adhere to the statute's procedural requirements. *See Blakely v. United States*, 276 F.3d 853, 864–65 (6th Cir. 2002) (explaining some of the requirements and noting that they must be "scrupulously observed"). As relevant here, 28 U.S.C. § 2675(a) provides that an FTCA claim shall not be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail" or six months have passed since the claim was presented to the agency and no decision has been reached. *See also McNeil v. United States*, 508 U.S. 106, 111 (1980) (discussing the exhaustion requirement and concluding that the district court lacked jurisdiction over the plaintiff's complaint because administrative remedies had not been exhausted at the time it was filed). The requirement of administrative exhaustion is jurisdictional and cannot be waived.

Here, Plaintiff properly exhausted her administrative remedies as required by the FTCA. Plaintiff's original state-court complaint neither named the United States as a defendant nor stated a claim under the FTCA. Rather, the original complaint alleged state law negligence claims against Plaintiff's doctors and their employers. Plaintiff's administrative claim was "finally denied by" HHS on July 1, 2013, more than a month before the original parties substituted the United States as a Defendant. Only after HHS's final denial did the Plaintiff assert an FTCA claim against the United States. Therefore, Plaintiff properly exhausted her administrative remedies before instituting an action against the United States pursuant to the FTCA. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851 (9th Cir. 2011) (the plaintiff had properly exhausted his administrative remedies when his administrative claim was denied before he added an FTC cause of action against the United States to his original complaint).

The Government's reliance on *McNeil* is inapposite because that case involved a plaintiff that filed *an FTCA claim* before exhausting his FTCA administrative remedies. In *McNeil*, the Supreme Court explained that "[e]very premature filing *of an action under the FTCA* imposes some burden on the judicial system." *McNeil* at 112 (emphasis added).

When, as here, the plaintiff "invoked the federal court's jurisdiction under the FTCA" after she exhausts her administrative remedies, *McNeil* does not control. As the 9th Circuit explained:

> *McNeil* ought not be read as preventing a plaintiff who wishes to state a number of federal and state law claims against an array of defendants from filing a complaint alleging common facts and amending it after exhaustion to state an additional claim under the FTCA. Such a reading would require undue acrobatics of such a plaintiff, given the different statutes of limitations at play.

*Valdez-Lopez*, 656 F.3d at 856. Forcing Plaintiff to file a new, separate lawsuit would undermine the objectives of the exhaustion requirement recognized in *McNeil*: saving judicial resources and promoting settlement. *See McNeil*, 508 U.S. at 111-12.

Plaintiff exhausted her administrative remedies before instituting an action against the United States as required by the FTCA. Accordingly, this Court has subject matter jurisdiction and Defendant United States motion to dismiss pursuant to Rule 12(b)(1) is denied.

## IV

Accordingly, Defendant United States' motion to dismiss (ECF No. 3) is **DENIED**.

                                                   s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

Dated: October 25, 2013

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 25, 2013.

                                  s/Tracy A. Jacobs
                                  TRACY A. JACOBS